## W. H. Cline, Appellant, v. City of LeRoy, Appellee.

### (Not to be reported in full.)

Appeal from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by W. H. Cline, plaintiff, against the City of LeRoy, defendant, to recover, under section 256a of the Criminal Code (J. & A. ¶ 3917), three-fourths of the damages to plaintiff's property injured or destroyed by a mob. From a judgment for defendant, plaintiff appeals.

LIVINGSTON & BACH and STERLING & WHITMORE, for appellant.

DE MANGE, GILLESPIE & DE MANGE and LESLIE J. OWEN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. MOBS, § 12*—*when evidence insufficient to sustain verdict for city in action for damages for injury to property.* In an action to recover, under section 256a of the Criminal Code (J. & A. ¶ 3917), damages against a city for injuries to or destruction of plaintiff's property by a mob, where it appeared that a crowd of one hundred fifty to three hundred persons congregated about plaintiff's residence, shouted, pounded on the house, hammered on circular saws hung on trees in the yard, fired guns, threw bricks through windows, built a fire in the street with plaintiff's lumber, burned his lawn mower, attached a hose to a faucet and threw water over

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and about the house, plastered mud on the porch, and drove plaintiff and his wife into a closet in terror, and both the city mayor and the marshal knew of such actions on the part of the crowd but took no steps to stop same, *held* that a verdict and judgment for the defendant were against the manifest weight of the evidence.

2. TRIAL, § 195*—*when instructing of verdict improper.* Where there is evidence tending to support the contention of both parties, the trial court cannot instruct a verdict.

# The People of the State of Illinois ex rel. William Hardin, Appellee, v. Supreme Lodge Modern American Fraternal Order, Appellant.

1. INSURANCE, § 763*—*what period covered by incontestability clause.* A clause in a certificate of membership in a fraternal beneficial society that such certificate should be incontestable after remaining in force a certain number of years, *held* to relate only to conditions existing at the time the certificate was issued and not to subsequent breaches of the contract.

2. INSURANCE, § 744*—*when application part of certificate.* Where a certificate of membership in a fraternal beneficial society referred to and made a part of such certificate the member's application for membership, *held* that the application must be read into and with the certificate.

3. INSURANCE, § 747*—*when subsequently enacted by-law as to forfeiture of membership for engaging in prohibited occupation is valid.* Where the application for membership of a member of a fraternal beneficial society provided that should the applicant engage in any occupation designated as hazardous he should stand suspended as a beneficiary member so long as he was so engaged; that no notice from any officer of the society should be necessary to cause his suspension; that no recovery should be had on the certificate issued on such application, and that the application and the laws of the society then in force or thereafter promulgated were a part of the contract of insurance of the society, all laws, rules and regulations of which the applicant promised to obey and contorm to, and the certificate issued on such application provided that the application, laws, rules and regulations of the society then in force or thereafter adopted were a part of the contract,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.